**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| UNITED STATES OF AMERICA | § | |
|---|---|---|
| | § | |
| v. | § | CRIMINAL NO. 6:07-CR-00054 |
| | § | |
| **COURTNEY LADON JACKSON** | § | |

## REPORT AND RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

On September 7, 2010, the Court conducted a hearing to consider the government's petition to revoke the supervised release of Defendant, Courtney Ladon Jackson. The government was represented by Jim Noble, Assistant United States Attorney for the Eastern District of Texas, and Defendant was represented by federal public defender, Ken Hawk.

Defendant originally pleaded guilty to Conspiracy to Possess with Intent to Distribute 500 grams or More of a Mixture and Substance Containing a Detectable Amount of Cocaine. The offense carried a statutory maximum imprisonment term of 40 years. The United States Sentencing Guideline range, based on a total offense level of 24 and a criminal history category of I, was 51 to 63 months. On October 5, 2004, District Court Judge A. Joe Fish of the Northern District of Texas sentenced Defendant to 51 months imprisonment followed by a three-year term of supervised release, subject to the standard conditions of release, plus special conditions to include drug treatment and testing and a fine of $10,000. Under the terms of supervised release, Defendant was required to pay any unpaid balance of the $10,000 fine imposed at the rate of at least $250 per month until the full fine was paid. On September 1, 2006, Defendant completed his period of imprisonment and began service of the supervision term. On May 10, 2007, jurisdiction was transferred to the Eastern District of Texas. Subsequently, on July 20, 2007, the term of supervised release in

Defendant's case was extended one year, for a total of four years.

In its petition, the government alleges that Defendant violated his condition of supervised release by (1) being sentenced on May 10, 2010, for the crime of Assault Caused Bodily Injury Family Violence; (2) failing to report as instructed by letter on May 14 and July 14, 2010; (3) not providing a truthful and complete written report for March, April and May 2010; (4) not maintaining employment for March through May 2010; and (5) not making restitution payments in June and July 2010, all Grade C violations.

If the Court finds by a preponderance of the evidence that Defendant committed these violations, a statutory sentence of no more than 3 years of imprisonment may be imposed. 18 U.S.C. § 3583(e)(3). Pursuant to § 7B1.3(a)(2) of the Sentencing Guidelines, violating a condition of supervision by committing a Grade C violation allows the Court to (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision. U.S.S.G. § 7B3.1(a)(2). Considering Defendant's criminal history category of I, the Guideline imprisonment range is 3 to 9 months. U.S.S.G. § 7B1.4(a).

At the hearing, the parties indicated that they had come to an agreement to resolve the petition whereby Defendant would plead true to violating the conditions of supervision by committing the acts as alleged in the government's petition. The parties agreed on the appropriate sentence of 30 days with no additional supervised release. However, Defendant has been incarcerated since August 27, 2010, thus the parties agreed that Defendant should be granted time-served and his term of imprisonment will officially be recognized as to have started on that date.

Pursuant to the Sentencing Reform Act of 1984 and the agreement of the parties, the Court **RECOMMENDS** that Defendant, Courtney Ladon Jackson, be committed to the custody of the

Bureau of Prisons for a term of imprisonment of 30 days, with credit for time served since August 27, 2010, with no supervised release to follow.

The parties have waived their right to object to the finding of the Magistrate Judge in this matter so this Report and Recommendation will be presented to District Judge Leonard Davis for adoption immediately upon issuance.

**So ORDERED and SIGNED this 10th day of September, 2010.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE